IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 5:19-CR-231-FL
NO. 5:24-CV-211-FL

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| CHIP ANTHONY HOLLINGSWORTH, ) | |
| ) | |
| Defendant. ) | |

This matter comes before the court on petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (DE 52), and the government's motion to dismiss (DE 60). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Criminal Procedure 59(b), United States Magistrate Judge Robert T. Numbers, II, entered a memorandum and recommendation, recommending that petitioner's motion be denied, and the government's granted (the "M&R") (DE 69). Petitioner filed objections to the M&R. In this posture, the issues raised are ripe for ruling. For the following reasons, petitioner's motion is denied, and the government's is granted.

## BACKGROUND

The court incorporates herein the facts and background as more particularly set forth in the M&R:

> In June 2019, a federal grand jury indicted Hollingsworth on 11 child pornography-related charges. (Indictment (DE 1)). Four months later, he pleaded guilty to all those charges without a plea agreement. In February 2021, the court sentenced Hollingsworth to 144 months in prison. (Judgment (DE 47)) Hollingsworth did not appeal.
>
> Hollingsworth filed a § 2255 motion in April 2024 and an amended motion a month later. (Mot. to Vacate (DE 52); Am. Mot. to Vacate (DE 56)). He alleges that his

attorney was ineffective by failing to raise a Fourth Amendment challenge to the investigation as it related to wiretap warrants. (Id. at 4). Had she objected, Hollingsworth contends that he would not have pleaded guilty. (Id.)

Hollingsworth also challenges the government's investigation in three other ways. First, he maintains that the government wrongfully intercepted his electronic communications. Second, Hollingsworth asserts that officers unlawfully impersonated another person to intercept his communications. And third, he contends that law enforcement illegally captured an IP address, and then linked it to him.

The United States responded by asking the court to dismiss his motion because it failed to state a claim. (Mot. to Dismiss (DE 60)).

(M&R (DE 69) 1–2 (footnote omitted)).[1]

## COURT'S DISCUSSION

A.  Standard of Review

The district court reviews de novo those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

---

[1] Unless otherwise specified, page numbers specified in citations to the record in this order refer to the page number of the document designated in the court's electronic case filing (ECF) system, and not to page numbering, if any, specified on the face of the underlying document.

B.　　Analysis

Petitioner raises two objections to the M&R. (See generally Objs. to M&R (DE 70) ("Objs.")). The court disagrees with both, and adopts the M&R.

First, petitioner claims that the publication of a book by Bonnie Burkhardt, about which he gives no detail other than that it discusses alleged misconduct by the Federal Bureau of Investigation ("FBI"), constitutes a new fact which excuses his motion's untimeliness under 28 U.S.C. § 2255(f)(4). But as noted in the M&R, a new fact within the meaning of this provision is an actual or alleged event or circumstance, not the date a petitioner realizes the legal significance of such an event. (M&R 6). Petitioner summarily asserts that Burkhardt's book revealed new misconduct by the FBI. But he does not draw any connection between the book's alleged contents and his case. Petitioner's argument about this book therefore amounts to the notion that he recently learned that the FBI sometimes obtains warrants improperly, not that it did so in his case. Petitioner's late apprehension of the legal significance of events cannot be characterized as a "fact" justifying relief.

Petitioner's other argument is that his petition should be considered timely through the doctrine of equitable tolling. This argument fails. A petitioner must file under § 2255 within one year of final judgment. 28 U.S.C. § 2255(f)(1). Petitioner's appeal window lapsed in March 2021, so his April 2024 motion was three years untimely. Petitioner argues that equitable tolling applies because Bureau of Prisons staff conducted a draconian search of petitioner's facility which led to the loss or destruction of many of his legal papers. However, even severe measures such as lockdowns and the loss of legal materials do not qualify as exceptional circumstances, which are required for equitable tolling to apply. See United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004); see, e.g., Lucero v. Suthers, 16 F. App'x 964, 965 (10th Cir. 2001) (loss of legal materials);

3

United States v. Cicero, 214 F.3d 199, 205 (D.C. Cir. 2000) (same). Petitioner's lockdown and loss of some legal materials thus are not extraordinary circumstances.

The M&R properly analyzed petitioner's motion, and this court adopts it in full. Petitioner's two objections to the M&R are overruled. Therefore, petitioner's motion is denied, and the government's is granted.

C.      Certificate of Appealability

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate that reasonable jurists could debate whether the issues presented should have been decided differently or that they are adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000). After reviewing the claims presented on collateral review in light of the applicable standard, the court finds that a certificate of appealability is not warranted.

**CONCLUSION**

Based on the foregoing, the court ADOPTS the recommendation of the M&R (DE 69); petitioner's motion to vacate, set aside, or correct his sentence under § 2255 (DE 52) is DENIED, and the government's motion to dismiss petitioner's claim (DE 60) is GRANTED.

SO ORDERED, this the 27th day of March, 2025.

_____
LOUISE W. FLANAGAN
United States District Judge